**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILSON BAQUERO, | Civil Action No. 19-16272 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Wilson Baquero ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 1, 2016. A hearing was held before ALJ Ricardy Damille (the "ALJ") on May 8, 2018, and the ALJ issued an unfavorable decision on July 5, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of July 5, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found Plaintiff was unable to perform his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: the ALJ's decision at step four is not sufficiently explained to be amenable to judicial review.

The medical evidence of record in this case is limited. The ALJ stated that, at the hearing, Plaintiff amended his alleged onset date to January 1, 2016. (Tr. 24.) The ALJ also stated that Plaintiff's date last insured was March 31, 2016, and that Plaintiff needed to establish disability on or before that date. (Tr. 24.) In brief, at step four, the ALJ reviewed the medical evidence from a period beginning in 2012 through August of 2016. The relevant records from this time period concern treatment for back pain, and the only medical opinions as to functional capacity in the record from this time period come from two state agency reviewers. (Tr. 28-29.) The ALJ considered their opinions but decided to give them little weight. (Tr. 29.) The ALJ then stated: "Based on the foregoing and a review of the complete record, I find that the claimant has the residual functional capacity to perform sedentary work, subject to the limitations stated above." (Tr. 29.)

2

This single sentence appears to be the entire analysis and explanation for the residual functional capacity determination. Plaintiff argues that the decision does not provide sufficient explanation to permit meaningful review of the residual functional capacity determination, and this Court agrees. As Plaintiff notes, it is not clear what this single sentence refers to with the words, "subject to the limitations stated above."

At step four, the ALJ began the section with a summary statement of the residual functional capacity determination:

> After careful consideration of the entire record, I find that the claimant has the following residual functional capacity: The claimant is capable of the exertional demands of sedentary work as defined in 20 CFR 404.1567(a), with exceptions. The claimant is capable of lifting/carrying a maximum of 10 pounds at a time and occasionally lifting/carrying negligible weight such as docket files, ledgers, or small tools. Regarding the postural demands of work, the claimant can occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant must be given the option to alternate from sitting to standing as long as he would not be off-task for more than 10% of the workday, beyond normal breaks.

(Tr. 27.) This determination may be broken down into four elements: 1) the exertional level of the work, sedentary; 2) limitations on lifting and carrying; 3) postural limitations; and 4) a sit/stand option.

At step four, the ALJ first discussed Plaintiff's self-reports, which he found to be not entirely consistent with the medical evidence. (Tr. 27-28.) The ALJ then reviewed the medical evidence of record, as already described. The ALJ then presented the concluding sentence, as already quoted. With this foundation, the Court now inquires: what are the "limitations stated above?" The only possibility are the limitations stated in the summary at the beginning of the step four section. In the body of the discussion at step four, there are no mentions of limitations for lifting and carrying, or postural limitations, or a sit/stand option, with one area of exception:

3

the rejected opinions of the state agency reviewers. The ALJ did present the opinions of the state agency reviewers on various functional capacities, and he rejected them all. The limitations stated in the residual functional capacity summary do not match the limitations found by the state agency reviewers.

The bottom line is that the decision contains no explanation of how the ALJ arrived at any of the four elements in the residual functional capacity determination. The Court has no idea how the ALJ arrived at those conclusions as to any of the elements. Plaintiff argues, persuasively, that the explanation for the step four determination is inadequate, pursuant to Burnett. Having reviewed the ALJ's decision, this Court agrees: the Court finds that the decision gives no explanation of why the ALJ concluded, from the evidence of record, that Plaintiff retains the residual functional capacity for sedentary work, or any of the other three elements of the residual functional capacity determination. This Court cannot review a step four determination without an explanation of the reasoning.

The Commissioner's opposition brief glosses over Plaintiff's argument and the issue of the adequacy of the ALJ's explanation. The Commissioner, in essence, largely repeats in summary form what the ALJ wrote at step four, without addressing Plaintiff's argument. Furthermore, the Commissioner contends that "a review of the ALJ's decision reveals that the ALJ adopted the state agency physicians' opinion. . ." (Def.'s Opp. Br. 18.) The Commissioner is incorrect on this point: the ALJ very clearly rejected the opinions of the state agency reviewers. The record does not support this contention.

Similarly, on the subject of the explanation of the sit/stand limitation, the Commissioner's opposition brief states: "This explanation satisfied any articulation

4

requirement." (Def.'s Opp. Br. 19.) The problem is that there is no there there: the ALJ gave no explanation of the sit/stand limitation.

The Court finds that the Commissioner has failed to effectively oppose Plaintiff's Burnett argument. The Commissioner quotes the Third Circuit's decision in Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011): "the ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." This is correct but irrelevant. Plaintiff has not argued that the ALJ failed to base every aspect of the step four determination on the opinion of a medical expert, but that the decision fails to meet the requirements of Third Circuit law for an adequate explanation. Under Third Circuit law, an ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation of the RFC determination to permit meaningful review. The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000). This Court finds no explanation for the step four determination in the decision. As the Third Circuit stated in Burnett: "We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review." Id. at 119. The failure to satisfy the requirements of Burnett requires that the Commissioner's decision be vacated and remanded.

This provides the basis for this Court's decision to vacate and remand this case. The Court notes, in addition, that Plaintiff offers a second argument with merit: the ALJ did not

5

follow Third Circuit law in his consideration of Plaintiff's pain.   As Plaintiff asserts, his complaints of pain appear to be the essence of his disability claim: Plaintiff contends that he cannot work because of back pain.   Plaintiff cites the Third Circuit's decision in Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990): "In order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record."   The ALJ did not do so.   Instead, the ALJ rejected Plaintiff's claim of disabling pain, but did not support his conclusion with medical evidence of record.   The medical record, as cited in the ALJ's decision, appears to show physicians taking Plaintiff's pain seriously and treating him for it.   The ALJ did not cite any medical evidence that provides a basis for rejecting Plaintiff's claim of disabling pain.   The Commissioner's opposition brief does not address the requirements of Matullo.

The Commissioner argues, correctly, that the ALJ need not uncritically accept subjective reports of pain, and cites, appropriately, SSR 16-3p, which is all about the procedure for evaluation of symptoms of pain.   The requirements stated in SSR 16-3p are entirely consistent with those stated in Matullo, and the ALJ did not comply with either one.   Today's decision to vacate and remand, however, is based on the failure to meet the requirements stated in Burnett.

Based on the analysis presented, this Court concludes that the ALJ's residual functional capacity determination is not amenable to meaningful judicial review, pursuant to Burnett.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                             s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.

Dated:   September 1, 2020